UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN C. LOUIE,

        Plaintiff,

      v.

ASSET CAPITAL RECOVERY GROUP, *et al.*,

        Defendants.
_____/

No. C-15-1680 EMC

**SUPPLEMENTAL BRIEFING ORDER**

    Defendants filed a motion to dismiss Plaintiff's complaint in this action on June 10, 2015. Docket No. 13. The Court is currently scheduled to hear argument on the matter on July 23, 2015. Docket No. 21.

    In their motion to dismiss, Defendants argue that Plaintiff's complaint brought under the Fair Debt Collection Practices Act (FDCPA) and California's Rosenthal Fair Debt Collections Practices Act (RFDCPA) is plainly time barred on its face. Specifically, the only affirmative action pleaded in the complaint that could potentially be timely appears to be Defendants' filing of an opposition brief in San Francisco Superior Court. According to Plaintiff's complaint, that brief was filed on April 11, 2014. *See* Docket No. 1 (Complaint) at ¶ 42 (pleading that Defendants "fil[ed] an opposition to the motion to vacate on April 11, 2014"). Plaintiff also has submitted a request for judicial notice that attaches a copy of what Plaintiff claims is the relevant opposition brief. Docket No. 23, Ex. 2. The brief is dated April 11, 2014. *See id.* This action was filed on April 13, 2015, *see id.*, and the parties agree that the action is subject to a one-year statute of limitations. *See Agnir*

*v. The Gryphon Solutions, LLC*, No. 12-cv-4470-LHK, 2013 WL 4082974, at *9 (N.D. Cal. Aug. 9, 2013) (recognizing that FDCPA and RFDCPA claims are subject to one-year statute of limitations). Because the complaint in this action was filed more than one-year after the last act Plaintiff alleges violates the relevant statutes, the complaint would initially appear to be time barred on its face.

Defendants, however, have submitted a copy of what they purport is the Docket Sheet in the underlying state court action that indicates that the relevant brief was filed on April 17, 2014--a date that falls *within* the one-year limitations period. *See* Docket No. 14 (Request for Judicial Notice). However, the same docket sheet also indicates that Plaintiff's reply brief was filed April 17, which raises doubts as to whether the opposition was actually filed on the 17th, or rather was simply docketed on the Court's electronic records system on the 17th.[1]

The parties are hereby directed to file supplemental briefs and evidence regarding the date discrepancy noted above. The parties are to lay out their respective positions as to when the opposition brief was actually filed, and thus whether they believe that the Plaintiff's complaint adequately alleges at least one law violation that took place within the relevant statutory period. At a minimum, the parties should file a copy of the original proof of service for the April 11/17 opposition brief if that evidence is in either party's possession. Any such supplemental brief shall be no longer than three (3) pages in length, and shall be filed no later than **Tuesday, July 14, 2015**.

IT IS SO ORDERED.

Dated: July 10, 2015

_____
EDWARD M. CHEN
United States District Judge

---

[1] In this Court's experience, reply briefs are rarely filed on the same day an opposition brief is filed.