UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. LOUIE, | No. C-15-1680 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| ASSET CAPITAL RECOVERY GROUP, LLC, *et al.*, | **(Docket No. 13)** |
| Defendants. | |

    Pending before the Court is Defendants' motion to dismiss. For the reasons stated on the record at the hearing on this matter, and for the additional reasons summarized below, Defendants' motion to dismiss is **DENIED**.

    Defendants first argue that the filing of their April 11, 2014, opposition brief cannot violate any proscription of the FDCPA as a matter of law because the Ninth Circuit has held that otherwise wrongful or misleading "*communications* directed solely to a debtor's attorney are not actionable under the [FDCPA]." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) (emphasis added). *Guerrero* is not controlling here, however, because the opposition brief is not a "communication," and numerous other courts have recognized that the FDCPA can apply to litigation conduct, such as the filing of complaints or requests for admission. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 950-51 (9th Cir. 2011); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th Cir. 2010); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1082-83 (7th Cir. 2013). The FDCPA proscribes creditor conduct other than

"communications." *See* 15 U.S.C. § 1962e; 15 U.S.C. § 1962f.  As discussed at the hearing, Plaintiff allegedly suffered injury and damages as a result of Defendants' opposition to set aside the default judgment and refusal to remove the levy on Plaintiff's bank accounts.

Defendants' potential liability under the Rosenthal Act for formally opposing Louie's attempt to vacate the default judgment is even more clear.  California law makes it expressly illegal to "collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected."  Cal. Civ. Code § 1788.15(a); *see also Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 344 (2009) (recognizing that the Rosenthal Act prohibits the knowing "[u]se of judicial proceedings to collect a debt without service of process").

As this Court has previously held, the "continuing violation doctrine may apply to debt collection claims" under the FDCPA.  *Joseph v. J.J. Mac Intyre Cos., L.L.C.*, 281 F. Supp. 2d 1156, 1161 (N.D. Cal. 2003).  As explained in *Joseph*, the "key" to applying the continuing violation doctrine is determining "whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts.  If there is a pattern, then the suit is timely if the action is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA, and the entire course of conduct is at issue."  *Id.*  Here, assuming the facts pleaded in Louie's complaint regarding Defendants' knowledge of the service defect are true, the Court finds that the relevant test for applying the continuing violation doctrine is met under both the FDCPA and Rosenthal Act.  Plaintiff has alleged prior acts related to the litigation in which the opposition brief was filed.  Indeed, application of the continuing violation doctrine is particularly appropriate under state law given that the Court of Appeal has specifically held that "[u]se of judicial proceedings to collect a debt without service of process (§ 1788.15, subd. (a)) will also be a

///
///
///
///

continuing course of conduct insofar as the conduct involves multiple acts, such as obtaining and collecting on a judgment, that extend over a period of time before the proceedings are concluded." *Komarova*, 175 Cal. App. 4th at 344.

This order disposes of Docket No. 13.

IT IS SO ORDERED.

Dated: July 27, 2015

_____
EDWARD M. CHEN
United States District Judge

3